859 F.2d 241
 273 U.S.App.D.C. 265
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Herbert L. JOHNSON, Appellant.
 No. 87-3046.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 5, 1988.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the defendant-appellant Johnson's conviction, of April 6, 1987 for unlawful possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a) (1982 & Supp. III 1985), be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 A jury convicted Herbert L. Johnson of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a), which provides in pertinent part that "it shall be unlawful for any person knowingly or intentionally--(1) to ... possess with intent to ... distribute ... a controlled substance." On appeal, Johnson challenges one of the district court's evidentiary rulings. The district court permitted cross-examination of Johnson's co-defendant, Lawrence Copelin, regarding Johnson's possession of beepers. Because we conclude that admission of this evidence was proper, we affirm the conviction.
 
 
 5
 Appellant first contends that the cross-examination pertaining to beepers lay outside the scope of the direct examination, and that its admission therefore violated Fed.R.Evid. 611(b). The rule in this circuit, however, is that Rule 611(b) is to be given an expansive reading. "When a defendant in a criminal trial takes the stand the scope of cross-examination is very broad." United States v. Raper, 676 F.2d 841, 846 (D.C.Cir.1982). On direct examination, Copelin testified that he and Johnson were frequently together at the Young Street apartment and that he never observed any drugs at that location. Evidence concerning the beepers, which might have suggested the co-defendants' joint involvement in narcotics distribution, was reasonably related to the witness' direct examination. The trial judge did not abuse his discretion by admitting this evidence.
 
 
 6
 Johnson further claims that his sixth amendment rights were violated, arguing that "[d]efendant had no opportunity to cross-examine [Copelin] nor a right to redirect." Appellant's Br. at 7. This claim is patently false. The record plainly demonstrates that Johnson's attorney was given an opportunity to question Copelin both before and after Copelin was cross-examined by the government. See Tr. II 238-40, 270.
 
 
 7
 Defendant also argues that his fifth amendment right to avoid self-incrimination was infringed. This claim is without merit. Johnson was constitutionally entitled to refrain from testifying. His exercise of that option, however, did not obligate the government to withhold inculpatory evidence simply because the defendant might find that evidence difficult to rebut. See United States v. Wright, 783 F.2d 1091, 1096 (D.C.Cir.1986).
 
 
 8
 Johnson contends that the government, at trial, conceded the irrelevance of the beepers. That argument misinterprets the record. Soon after the government's attorney (Ms. Retchin) began to cross-examine Copelin, the following colloquy ensued:
 
 
 9
 THE COURT: What do you have to support this frenzy questioning?
 
 
 10
 MS. RETCHIN: I have the records from Multicom that shows that the beeper, the telephone number is listed to the car receipts from Mr. Johnson.
 
 
 11
 THE COURT: On the car receipts?
 
 
 12
 MS. RETCHIN: They are unrelated to this case, but I have car receipts on a repair that was made on Mr. Johnson's car, and it listed a beeper phone number.
 
 
 13
 Tr. II at 244-45 (emphasis added). The italicized words plainly refer to the car receipts, not to the beepers. The appellant is incorrect in his assertion that the government has conceded the irrelevance of the beepers.
 
 
 14
 The challenged testimony, though perhaps not highly probative, was surely relevant to the charge and would have been properly admitted had it been offered by a witness for the government. That being the case, the government could properly elicit the information on cross-examination. See United States v. Mattucci, 502 F.2d 883, 889 (6th Cir.1974) ("If testimony is otherwise admissible, it is not rendered less so because the witness testifying was also a co-defendant or because it was offered as part of his own defense rather than as part of the government's case-in-chief."). The appellant's conviction is affirmed.